UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00225-RJC

| | |
|---|---|
| KIMBERLY PEVAROFF, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Social Security Brief, (Doc. No. 12), Defendant's Brief, (Doc. No. 14), and Plaintiff's Reply Brief, (Doc. No. 15).[1] Having fully considered the written arguments, administrative record, and applicable authority, the Commissioner's Decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Memorandum and Order.

## I. BACKGROUND

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below. Plaintiff Kimberly Pevaroff filed the present action on October 25, 2022. (Doc. No. 1). Plaintiff assigns error to the Administrative Law Judge's ("ALJ") determination of her Residual Functional

---

[1] [1] Following amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.

1

Capacity ("RFC")[2]. Relevant to the present discussion, Plaintiff argues that the ALJ failed to provide legally sufficient reasoning for his finding that Plaintiff's subjective reports about her symptoms were not consistent with the medical evidence. (Doc. No. 12-1 at 13).

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Fourth Circuit defined "substantial evidence" as being "more than a scintilla" and "do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite your limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

as adequate to support a conclusion.'" *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; and *Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). "But even under this deferential standard, we do not reflexively rubber-stamp an ALJ's findings." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (cleaned up).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (citation omitted); *see also Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion). Where the ALJ fails to build that logical bridge, the Court must remand for further proceedings. *See Monroe*, 826 F.3d at 189; *Patterson v. Comm'r of Soc. Sec.*, 846 F.3d 656, 663 (4th Cir. 2017)).

3

## III. DISCUSSION

Plaintiff argues the ALJ failed to provide legally sufficient reasoning for finding that Plaintiff's subjective reports about her symptoms were not consistent with the medical evidence. (Doc. No. 12-1 at 13). Relevant to the present discussion, Plaintiff argues the ALJ relied on the absence of objective evidence to discredit her subjective complaints of her symptoms of fibromyalgia and osteoarthritis. (*Id.* at 14). In rejecting Plaintiff's statements about her self-described symptoms, Plaintiff argues the ALJ failed to properly evaluate her mental and physical impairments to determine her RFC. (*Id.* at 16–17).

When the ALJ evaluates a plaintiff's subjective complaints, the analysis proceeds in two steps:

> First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms. Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled.

*Arakas*, 983 F.3d at 95 (first citing 20 C.F.R. § 404.1529(b), (c); and then citing SSR 16-3p, 2016 WL 1119029, at *3–4).

The Regulations provide that the ALJ's evaluation must consider:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

4

*Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) (citations omitted).

"[A] claimant is 'entitled to rely exclusively on subjective evidence to prove the second part of the test.'" *Arakas*, 983 F.3d at 95 (quoting *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006)). "Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity," the ALJ need not accept a claimant's allegations "to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595. However, "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such [objective] evidence." *Arakas*, 983 F.3d at 97. District courts have narrowly interpreted *Arakas* to apply only where a plaintiff has fibromyalgia or some other disease that does not produce objective medical evidence, like chronic depression. *Wagoner v. Comm'r of Soc. Sec.*, No. 5:20-cv-00145, 2022 U.S. Dist. LEXIS 55747, at *16 (W.D.N.C. Mar. 28, 2022); *Shelley C. v. Comm'r of SSA*, 61 F.4th 341 (4th Cir. 2023) (applying *Arakas* to cases involving chronic depression).

Here, the ALJ described and discussed Plaintiff's symptoms related to her fibromyalgia in conjunction with her other conditions, and discounted the disabling effects of those symptoms based on—at least in part—the objective medical

5

evidence. Regarding her fibromyalgia, the ALJ stated Plaintiff "testified that she had low back and joint pain, fibromyalgia, knee pain, and left shoulder pain." (Doc. No. 9-3; Tr. 15). Further, the ALJ stated that "[t]he medical record shows that the claimant has fibromyalgia and osteoarthritis, but that she has been maintained on medications during the period at issue." (*Id.*). The ALJ also found the record established Plaintiff has depression and anxiety. (*Id.* at 16). The ALJ considered medical evidence regarding her fibromyalgia and osteoarthritis together, noting Plaintiff's numerous complaints of pain to varying doctors. (*Id.* at 15).

The ALJ seemingly relied on medical record evidence to discredit Plaintiff's pain of fibromyalgia and osteoarthritis when discussing her medical record. For example, the ALJ noted Plaintiff was seen for "complaints of left shoulder pain," but said "x-rays of the left shoulder dated May 2016 were within normal limits." (*Id.* at 15). Similarly, the ALJ acknowledged a physician's note stating Plaintiff "complained of widespread overall generalized daily pain" but physical markers were normal. (*Id.*). *Arakas* precludes such reliance on objective evidence in cases of fibromyalgia.

With respect to his conclusions about Plaintiff's symptoms, the ALJ considered both objective medical evidence and Plaintiff's testimony about her daily living. Summarizing his conclusions about Plaintiff's subjective complaints regarding her varying impairments, the ALJ stated:

- "The claimant's allegations of pain and other limiting symptoms, which she asserts prevent her from performing any substantial gainful activity, are not

6

supported by the evidence of record to the degree alleged. (Tr. 19).

- "As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because they are not supported by the evidence of record to the degree alleged." (Tr. 19).
- "Although the claimant has impairments that could reasonably be expected to cause some pain or discomfort, the medical evidence fails to reveal findings to support pain to the degree alleged." (Tr. 19).
- "[T]he claimant's allegations of pain and other limiting symptoms are not supported by the evidence of record to the degree alleged." (Tr. 19).

The ALJ's simultaneous consideration of Plaintiff's varying impairments makes it difficult for the Court to discern whether the ALJ improperly relied on objective clinical findings, even as just one factor, in discounting Plaintiff's alleged pain. Courts in this district have remanded under similar circumstances. *Jetton v. Comm'r of Soc. Sec.*, No. 5:20-cv-00138-FDW-DSC, 2022 U.S. Dist. LEXIS 58821, at *7 (W.D.N.C. Mar. 29, 2022) (remanding where "the ALJ did not independently analyze fibromyalgia or the specific evidence relied on to discredit Jetton's subjective complaints stemming from fibromyalgia"); *accord Treadway v. Comm'r of Soc. Sec.*, No. 1:23-cv-00250-KDB-WCM2024, U.S. Dist. LEXIS 176200, at *10 (W.D.N.C. Sept. 27, 2024) ("[T]he ALJ's statements . . . discounting [Plaintiff's] subjective symptoms may also discount her fibromyalgia symptoms. This is exactly the type of analysis foreclosed by *Arakas*.").

The Court finds the ALJ applied the wrong legal standard when he failed to

analyze fibromyalgia separately from Plaintiff's other impairments and seemingly relied on objective evidence to discredit Plaintiff's subjective complaints of pain from her fibromyalgia. Accordingly, this case warrants remand for, at a minimum, further consideration and clarification by the ALJ. The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to Plaintiff's other assignments of error.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g)[3] for further review consistent with this Order.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: January 6, 2025

Robert J. Conrad, Jr.
United States District Judge

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990).